UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-03381-SVW-MAN | Date | June 3, 2013 |
|---|---|---|---|
| Title | Martingale Investments LLC v. Annie Shahbazian et al | | |

JS - 6

| Present: The Honorable | STEPHEN V. WILSON, U.S. DISTRICT JUDGE | |
|---|---|---|
| Paul M. Cruz | N/A | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| N/A | N/A | |

**Proceedings:**   IN CHAMBERS ORDER re:
           [5]   Motion to Remand

**I.   INTRODUCTION**

On March 29, 2013, Plaintiff Martingale Investments, LLC ("Plaintiff") filed the instant unlawful detainer action in Los Angeles Superior Court against Defendant Annie Shahbazian ("Defendant"), for failure to vacate the premises located at 13616 Vose Street, Van Nuys, CA 91405 ("Property"). (Notice of Removal (Dkt. 1), Ex. A). Plaintiff purchased the Property at a foreclosure sale on March 8, 2013, and perfected title thereafter. (Id. ¶¶ 4-5). After purchasing the property, Plaintiff served a notice to quit on Defendants requiring them to vacate the property within three days, but Defendants have continued in possession of the property without Plaintiff's consent. (Id. ¶¶ 12-13). Plaintiff seeks possession of the Property, damages at the rate of $100.00 per day from March 29, 2013, until Defendant relinquishes the Property, and costs of this suit. (Id. at 3).

On May 10, 2013, Defendant filed a Notice of Removal of the state court action on the basis of diversity jurisdiction and federal question jurisdiction. (Dkt. 1). For the reasons below, removal is improper, and the matter is REMANDED to state court.

**II.   DISCUSSION**

Where a case has been removed, a federal court may remand for lack of subject matter jurisdiction at any time before final judgment. See 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded").

|  | : |  |
|---|---|---|
| Initials of Preparer | PMC | |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-03381-SVW-MAN | Date | June 3, 2013 |
|---|---|---|---|
| Title | Martingale Investments LLC v. Annie Shahbazian et al | | |

JS - 6

The court may – indeed must – remand an action *sua sponte* if it determines that it lacks subject matter jurisdiction. See Kelton Arms Condominium Owners Ass'n v. Homestead Ins. Co., 346 F.3d 1190, 1192 (9th Cir. 2003). A "strong presumption" against removal jurisdiction exists. Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992). In seeking removal, the defendant bears the burden of proving that jurisdiction exists. Scott v. Breeland, 792 F.2d 925, 927 (9th Cir. 1986).

### A. Federal Question Jurisdiction

"The presence or absence of federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides that federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." Wayne v. DHL Worldwide Express, 294 F.3d 1179, 1183 (9th Cir. 2002) (internal citations and quotation marks omitted). However, "a case may *not* be removed to federal court on the basis of a federal defense, including the defense of pre-emption, even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." Caterpillar Inc. v. Williams, 482 U.S. 386, 393 (1987) (emphasis in original).

Defendant has failed to establish federal question jurisdiction. Plaintiff's Complaint states a single claim for unlawful detainer, which "does not arise under federal law but is purely a creature of California law." Wells Fargo Bank v. Lapeen, No. 11–01932, 2011 WL 2194117, at *3 (N.D. Cal. June 6, 2011); see also Indymac Federal Bank, F.S.B. v. Ocampo, No. CV 09-2337, 2010 WL 234828, at *2 (C.D. Cal. Jan. 13, 2010) (sua sponte remanding an action to state court for lack of subject matter jurisdiction where plaintiff's complaint contained only an unlawful detainer claim). Nothing in the Notice of Removal suggests there is a federal question in the Complaint. Therefore, the Court lacks federal question jurisdiction.

### B. Diversity Jurisdiction

Neither does the Court have diversity jurisdiction. "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between [] citizens of different States . . . ." 28 U.S.C. 1332(a). However, a civil action may not be removed on the basis of diversity jurisdiction where any removing defendant is a citizen of the state in which the action is brought. 28 U.S.C. § 1441(b)(2). Because Defendant is a citizen of California, removal on the basis of diversity jurisdiction is improper. Further,

|  | : |  |
|---|---|---|
| Initials of Preparer | | PMC |

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:13-cv-03381-SVW-MAN | Date | June 3, 2013 |
|---|---|---|---|
| Title | Martingale Investments LLC v. Annie Shahbazian et al | | |

JS - 6

and at any rate, the requested damages of $100.00 per day beginning on March 29, 2013, and costs of suit, fall short of the $75,000.00 requirement.  Therefore, the Court lacks diversity jurisdiction.


**III.    CONCLUSION**

　　　　For the foregoing reasons, Defendant has failed to carry the burden of establishing that removal is proper.  The Court lacks subject matter jurisdiction and hereby remands the action to Superior Court of California, County of Los Angeles.  The Clerk of the Court shall close this case.

|  | : |
|---|---|
| Initials of Preparer | PMC |